———o———

No. 7026.

## LAZARUS, MICHEL & LAZARUS v. MRS. ALICE P. VEAZIE, ET AL.

### Syllabus.

Involves only issues of fact.

Appeal from the Civil District Court for the Parish of Orleans, No. 114,987, Division "C"; Honorable E. K. Skinner, Judge. Affirmed.

Merrick, Gensler & Schwarz, for plaintiff and appellee.

Dart, Kernan & Dart, for defendant and appellant.

His Honor, JOHN ST. PAUL, rendered the opinion and decree of the Court, as follows:

This is a suit for attorney's fees for defending two libel suits.

The defendants claim that they owe plaintiffs nothing; first because these libel suits grew out of certain inter-

342

diction proceedings which plaintiffs had contracted to handle for a fixed contingent fee; and secondly because the allegations on which these libel suits were based, originated with counsel (plaintiffs) and not with their clients (defendants).

There is no merit in the first contention. The contract to handle a case for a certain sum does not impose upon counsel the obligation to defend any and all cases that may grow out of the first.

For instance, a contract to collect a debt by process of attachment, does not include the obligation to defend a damage suit growing out of the same.

But in all such cases the question arises whether the attorney has been at fault and resolves itself into one of damages *vel non*.

In the case at bar that very question is presented by the second defense set up.

Now the libel suits which plaintiff defended for defendants, were two in number brought by one Paul L. Fourchy and one Mrs. Antoinette Pons Suarez, the former the attorney and the latter the daughter of the mother of defendants, whom the latter were seeking to interdict. And these libel suits were based upon the allegations of the petition and especially the supplemental petitions in said interdiction proceedings.

In the original petition for interdiction defendants charged, besides the physical and mental incapacity of their mother, that the practical control and absolute dominion over her estate had been turned over to one in no way related to her and who had induced her to mortgage her property for $75,000 or more.

In the supplemental petition, they charged that the person in the original petition was Paul L. Fourchy, and that

343

said Fourchy, in addition to mortgaging and selling property without necessity,

> "dominates and controls not only the defendant, but also defendant's household affairs, and has been acting in concert with Antoinette Pons Suarez, who has confederated with said Fourchy in the management and control of the affairs of said Mrs. Madeline Pons (the mother) * * * and that the administration of said affairs by said Fourchy aided and abetted by said Antoinette Pons Suarez had been for years past a public scandal."

And they charged much more to the same effect, the substance of which being that Fourchy. and Mrs. Suarez, were excluding the other children from their mother's home, and managing her affairs in their own selfish interest alone.

Now the defendants, who are four in number, and the husbands of two of them, all swear that they objected to the making of these charges because they did not know them to be true, and only consented to sign the petition, wherein the allegations were made, upon the representations of plaintiffs (their counsel) that they had the proof, "in black and white"; and they lay considerable stress upon their unwillingness to make such charges against their sister even if true (of which more hereafter).

On the other hand, the four members of plaintiff firm, all swear that no such objections were ever made by defendants, and that on the contrary the defendants were desirous of making charges even more serious.

Of course in this conflict of evidence it is hard to decide where the truth lies, but this fact remains, as noted by the District Judge, to-wit, that defendants did sign the petition and they made it their own.

But there is one circumstance which appears to us conclusive as to the frame of mind of these defendants at the time they signed the supplemental petition (Dec. 1912) and fully six months afterwards.

That circumstance is a note, laid by them before the Grand Jury of this Parish. That note was indeed written by their counsel (plaintiffs), but it was signed by themselves, and they certainly had full time to deliberate over it since they took it in person to the grand jury.

And that note among other things proceeds deliberately:

> "Call Walter Pons and you will ascertain what relations existed between Paul L. Fourchy and Mrs. A. Suarez, Jr., the daughter of Mrs. Pons, who is helping to despoil her mother of her estate in the interest of Mr. Fourchy and in the advancement of her own personal interests."

Now whatever allowance may be made for persons acting on the spur of the moment, against their better instincts, and their better judgment, the letter was taken to the grand jury more than six months after signing of the supplemental petition.

They had therefore ample time for consideration, and yet they not only reiterate the charge of dishonesty against their sister, but add another and equally serious charge, and name the witness to prove it; which witness was their own nephew, and a sympathizer in their case.

We think their action in this latter connection, more persuasive than mere testimony, and we therefore think that the judgment appealed from is correct.

Judgment affirmed.

Opinion and decree, June 11th, 1917.

Rehearing refused, July 17th, 1917.